# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH SUITTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00175-MTS |
| | ) | |
| G4S SECURE SOLUTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

More than two months ago, each Defendant moved to dismiss this action. *See* Doc. [4]; Doc. [10]. Plaintiff did not oppose either Motion. *See* E.D. Mo. L.R. 4.01(B).[1] The Court ordered Plaintiff to show cause why it should not dismiss this action—through its inherent power or through Federal Rule of Civil Procedure 41(b)—for Plaintiff's failure to prosecute it. Doc. [18]. Nearly two weeks have passed since that deadline and Plaintiff again filed nothing. Dismissal of this action is therefore appropriate for Plaintiff's failure to prosecute. *See Grunewald v. Mo. Pac. R. Co.*, 331 F.2d 983, 985 (8th Cir. 1964) (Blackmun, J., for the Court) ("It is well settled, of course, that a federal court has inherent power to dismiss a civil case for want of prosecution."); *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993) ("District courts have inherent power to dismiss sua sponte a case for failure to prosecute[.]"); *see also* Fed. R. Civ. P. 41(b); *Tuchschmidt v. Outdoor Writers Ass'n of Am., Inc.*, 230 F.3d 1364 (8th Cir. 2000)

---

[1] Nor has Plaintiff, to date, responded to multiple letters the Clerk of Court sent to him. *See* Doc. [16]; Doc. [17].

(unpublished table decision) (reviewing sua sponte dismissal under  Federal Rule of Civil Procedure 41(b) for abuse of discretion and affirming dismissal).[2]

Accordingly,

The Court will enter an Order of Dismissal herewith dismissing this action.

Dated this 28th day of April 2025.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] In addition, dismissal is appropriate because the merits of each Motion to Dismiss are well taken.  *See Scott v. State of Tennessee*, 878 F.2d 382 (6th Cir. 1989) (per curiam table decision) ("Because the plaintiff failed to make a timely response to defendants' motion, the district court properly deemed the plaintiff to have waived his objections and found the defendants' motion to be meritorious."); *Farraj v. Cunningham*, 659 F. App'x 925, 927 (9th Cir. 2016) (mem.) (affirming the district court's dismissal of plaintiff's complaint "based on his failure to oppose the motions to dismiss").  Without anything to the contrary from Plaintiff, the Court agrees dismissal is appropriate for the reasons stated in Defendants' Motions.  *See Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 667 (D.C. Cir. 2017) (explaining "our adversarial system relies on the arguments presented in the parties' briefs").